UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jordan Bennett**<br>**510 19th Street NE, Apartment 103**<br>**Canton, Ohio 44714** | : CASE NO.: _____<br>:<br>:<br>:<br>: |
| **Plaintiff,**<br>v. | : JUDGE<br>:<br>: |
| **I.C. System, Inc.**<br>**444 Highway 96 East**<br>**St. Paul, Minnesota 55127-2557** | :<br>:<br>: **COMPLAINT**<br>: |
| and | : |
| **JOHN AND JANE DOES 1-10** | :<br>: **A Trial by the Maximum Number of Jurors** |
| **Defendants.** | : **is hereby Demanded**<br>:<br>:<br>: |

Here comes Plaintiff Jordan Bennett, and sets forth a *Complaint* against Defendant I.C. System, Inc. and Defendant John and Jane Does 1 – 10 as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jordan Bennett (hereafter "Plaintiff"), is an adult individual whose residence is in Canton, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, I.C. System, Inc. ("I.C. System"), is a Minnesota business entity with an address of 444 Highway 96 East, St. Paul, Minnesota 55127-2557, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for I.C. System, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. I.C. System at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to I.C. System for collection, or I.C. System was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. I.C. System Engages in Harassment and Abusive Tactics

12. Within the last year, I.C. System contacted Plaintiff in an attempt to collect the Debt.

13. On or about June 6, 2015, Plaintiff sent a letter to I.C. System. The letter stated, in pertinent part: "I have no one at this time that can pay this debt for me but as soon as I gain employment I will call and arrange a payment plan or discuss repayment options.

14. Despite receiving this letter, I.C. System continued to call Plaintiff.

15. On or about July 6, 2015, Plaintiff spoke with I.C. System. The collector with whom Plaintiff spoke confirmed that I.C. System had received the letter. Ms. Bennett said she was not yet employed and reiterated her request that the calls cease.

16. Nevertheless, I.C. System continued to call Plaintiff in an attempt to collect the Debt.

## C. Plaintiff Suffered Actual Damages

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692, et seq.)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

3

21. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt, in violation of 15 U.S.C. § 1692d.

22. Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

23. Defendants used unfair and unconscionable means to collect the Debt, in violation of 15 U.S.C. § 1692f.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

Dated: February 17, 2016

Respectfully submitted,

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897

        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Email: slemberg@lemberglaw.com
        Attorneys for Plaintiff:
        Jordan Bennett

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

        /s/ *Sergei Lemberg*
        Sergei Lemberg, Esq.